UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BOYD L. MOTHE, JR., ET AL.,<br>    Plaintiffs | CIVIL DOCKET |
| VERSUS | NO. 19-14193 |
| LOUISIANA STATE BOARD OF<br>EMBALMERS & FUNERAL<br>DIRECTORS, ET AL.,<br>    Defendants | SECTION: "E" (2) |

## ORDER AND REASONS

Before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Plaintiffs filed an opposition to this motion.[2] For the following reasons, the Plaintiffs are **GRANTED LEAVE TO AMEND THEIR COMPLAINT**.

## BACKGROUND

This case arises from the allegedly tortious action of the Louisiana State Board of Embalmers and Funeral Directors. On April 5, 2019, Plaintiffs Boyd Mothe, Jr. and Mothe Funeral Homes, LLC filed a complaint in this Court against Defendants seeking monetary damages under 42 U.S.C. § 1983 and Louisiana state law ("the first action").[3] On August 8, 2019, the Court dismissed with prejudice Plaintiffs' individual capacity § 1983 claims against Defendants Kim Michel, S.J. Brasseaux, and Dianne Alexander.[4] The Court also dismissed without prejudice all official capacity claims under § 1983 and all state law claims.[5]

On October 18, 2019, Plaintiffs filed a new petition in the 24th Judicial District for

---

[1] R. Doc. 7.
[2] R. Doc. 10.
[3] *Mothe v. La. St. Bd. Of Embalmers and Funeral Dirs.*, No. 19-9073, R. Doc. 1.
[4] *Mothe v. La. St. Bd. Of Embalmers and Funeral Dirs.*, No. 19-9073, R. Doc. 14.
[5] *Id.*

1

the Parish of Jefferson.[6] In this new petition, Plaintiffs seek monetary damages under 42 U.S.C. § 1983 from Defendants Kim Michel, S.J. Brasseaux, and Dianne Alexander in their official capacities and bring various state law claims.[7] Defendants removed the case to this Court on December 6, 2019 ("the second action").[8] In their notice of removal, Defendants assert this Court has "jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights and elective franchise)" and pendent "jurisdiction over the aforementioned state law claims pursuant to 28 U.S.C. § 1367."[9]

## LAW AND ANALYSIS

In the instant motion to dismiss, Defendants assert Plaintiffs' official capacity claims under § 1983 in the second action are barred by the doctrine of claim preclusion because the current "official capacity" claims are merely individual capacity claims under a different—but incorrect—label, and the Court previously dismissed with prejudice Plaintiff's individual capacity § 1983 claims in the first action.[10] The Court dismissed Plaintiffs' official capacity claims *without* prejudice in the first action. As a result, Plaintiffs' official capacity claims are not barred by claim preclusion, but other objections have more merit.

Defendants point out that Plaintiffs improperly seek money damages in their "official capacity" § 1983 claims rather than injunctive relief.[11] 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be

---

[6] R. Doc. 1-3.
[7] *Id.* ¶¶ LX–LXX.
[8] R. Doc. 1.
[9] R. Doc. 1 ¶ 4.
[10] R. Doc. 7-1, at 6–7.
[11] *Id.*

2

> liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."

"[A] governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation; thus, in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law."[12] Further, a suit for monetary damages "against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" and "is no different from a suit against the State itself."[13] "Because 'neither a State nor its officials acting in their official capacities are "persons" under § 1983,' such suits against a state or a state official acting in his or her official capacity must be dismissed."[14] An official capacity-suit against a state official for injunctive relief, however, is permissible because "official capacity actions for prospective relief are not treated as actions against the state."[15]

In *Jones v. Texas Juvenile Justice Dep't*, the plaintiff brought a number of claims under § 1983 against his former employer, the Texas Juvenile Justice Department, and its director in her official capacity.[16] The plaintiff requested an injunction requiring the director to reinstate him in the position he held before being unlawfully fired.[17] Regarding this claim, the Fifth Circuit held,

> Notwithstanding the Eleventh Amendment, a plaintiff may sue "individual persons in their official capacities as agents of the state" in federal court if "the relief sought" is "declaratory or injunctive in nature and prospective in effect." This exception to Eleventh Amendment immunity is known as the *Ex parte Young* doctrine, and it is "'based on the legal fiction that a sovereign state cannot authorize an agent to act unconstitutionally.'"
> "[A] request for reinstatement is sufficient to bring a case within

---

[12] *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (internal citation omitted).
[13] *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).
[14] *Klingler v. Univ. of S. Mississippi, USM*, 612 F. App'x 222, 226 (5th Cir. 2015) (citing *Will*, 491 U.S. at 71).
[15] *Will*, 491 U.S. at 71 n.10.
[16] 646 F. App'x 374, 376 (5th Cir. 2016).
[17] *Id.*

the *Ex parte Young* exception to Eleventh Amendment immunity, as it is a claim for prospective relief designed to end a continuing violation of federal law." Thus, the Eleventh Amendment does not bar Jones's § 1983 claims against the Director for reinstatement and other prospective injunctive relief.[18]

In this case, Plaintiffs' improperly seek money damages rather than injunctive relief under § 1983 against Defendants Kim Michel, S.J. Brasseaux, and Dianne Alexander in their official capacities.[19] Plaintiffs may wish to amend their complaint, however, to seek injunctive relief against Defendants Kim Michel, S.J. Brasseaux, and Dianne Alexander in their official capacities and avoid dismissal of their § 1983 claims. "[O]fficial capacity actions for prospective relief are not treated as actions against the state" and, as a result, are permissible in federal court.[20] Rule 15(a) of the Federal Rules of Civil Procedure provides that the Court should freely grant leave to amend "when justice so requires."[21] The Court finds it is in the interests of justice to permit Plaintiffs to amend their complaint, if they wish, before ruling on Defendants' motion to dismiss.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs are given leave to file an amended complaint by **March 19, 2020.** If Plaintiffs timely file an amended complaint, the pending motion to dismiss will be denied as moot without prejudice.

**New Orleans, Louisiana, this 9th day of March, 2020.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[18] *Id.* (internal citations omitted).
[19] R. Doc. 1-3 ¶¶ LXVIII–LXIX.
[20] *Will*, 491 U.S. at 71 n.10.
[21] FED. R. CIV. P. 15(a); *see also Burge v. Stalder*, 54 F. App'x 793 (5th Cir. 2002) (applying Rule 15(a) to the § 1983 context).